IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | :   CRIMINAL NO. CCB-19-614 |
| JOSEPH KUKTA, | : |
| Defendant. | : |

...oooOooo...

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by its counsel, Jonathan F. Lenzner, Acting United States Attorney for the District of Maryland, and Harry M. Gruber and Paul Riley, Assistant United States Attorneys for said District, hereby submits its Sentencing Memorandum in the above-captioned case.

The government respectfully requests that this Court sentence the defendant to 54 months' incarceration, followed by three years of supervised release, the restitution and forfeiture amounts listed herein, and a special assessment of $200.

Factual Summary

The defendant pled guilty to interstate transportation of stolen goods and tax evasion. These are serious criminal offenses that warrant a significant term of incarceration. That is especially true here based on the facts and circumstances of Kukta's offenses. As described below, Kukta stole millions of dollars' worth of goods and merchandise from his employer for approximately 10 years, received almost $2 million from Saurabh Chawla as payment for the stolen goods and merchandise, and purposely caused a tax evasion loss to the United States of more than $600,000.

As discussed in Kukta's plea agreement, Kukta was a Senior Manager at the FedEx facility in Seaford, Delaware. He supervised over 100 employees and contractors, earned over $90,000 per year, and his facility handled packages throughout the Delmarva Peninsula. Despite these duties, Kukta took advantage of his senior position to steal from his employer and customers.

More specifically, from approximately 2009 to 2019, Kukta stole packages shipped via FedEx and intended for bulk delivery to a Delaware Walmart distribution facility, as well as packages intended for delivery to other companies. Kukta focused on bulk electronics and other high-end products. Beginning in or about 2012, Kukta's illicit activities increased, both in frequency and the amount of stolen products. Kukta used the FedEx computer system and his inside knowledge to identify particular items/shipments that he wanted to steal due to their value. After the products were loaded onto FedEx trailers at his location, Kukta gained access to the items at off-hours, and covertly removed them from FedEx property. Kukta attempted to avoid detection by turning off the lights at the facility and blocking certain surveillance cameras with cardboard boxes and other objects.

Kukta made arrangements with Saurabh Chawla to deliver the stolen items to Saurabh Chawla's relative. Kukta sent Chawla weekly lists of available goods and merchandise. Kukta agreed to sell the stolen items to Saurabh Chawla at approximately 50% of the retail price. More than 95-98% of the items that Kukta sold to Saurabh over the decade were stolen from FedEx. Kukta began stealing so many items that he rented a storage facility to store items during the time between when he stole them and when he delivered them to Saurabh's relative. In total, Kukta received more than $1.8 million for stolen goods and merchandise worth roughly twice that amount.

At one point, FedEx received a tip that Kukta was responsible for the thefts. When confronted, Kukta lied to the FedEx security officials and continued to secretly steal items. And

when FedEx unfortunately caused Kukta to become aware of an ongoing federal grand jury investigation in June 2019, Kukta emptied out all the stolen items from his storage facility—selling the items at an auction house in Delaware.

During his decade of thefts, Kukta also failed to declare his illicit gains from the sale of stolen property, and engaged in affirmative acts to conceal his income, resulting in his tax evasion charge and a sizeable tax loss to the United States. For six years (2012-2018), Kukta underreported his income on his annual tax filings, resulting in a total tax loss of more than $600,000.

<u>The Advisory Sentencing Guidelines Calculation</u>

In Kukta's plea agreement, the parties agreed on the following advisory sentencing guidelines calculations:

- Base Offense Level = 6 (USSG § 2B1.1(a)(2))
- Adjustment based on financial loss of more than $1.5 million: +16 (USSG § 2B1.1(b)(1)(I))
- Adjustment based on 10 or more victims: +2 (USSG § 2B1.1(b)(2)(A))

This results in an adjusted offense level of 26 for Count One. With the anticipated full three points for acceptance of responsibility, the resulting final offense level would be 23, with an advisory range of 57-71 months' imprisonment based on Kukta's criminal history category of III.

The government recognizes that the presentence report found that the offenses should not group, which would result in two additional levels in the guidelines calculation. The presentence report calculated a final offense level of 25, and an advisory range of 70-87 months' imprisonment based on his criminal history category of III.

The government further understands that Kukta intends to seek an adjustment in his Criminal History Category from III to II, which would decrease the applicable sentencing range.

The government adheres to its position in the plea agreement, but more importantly, intends to recommend the same sentence under Section 3553 (*see infra*) regardless of these guidelines' calculation issues.

The Government's Sentencing Recommendation

The government's proposed term of 54 months' incarceration would constitute a reasonable sentence pursuant to 18 U.S.C. § 3553(a), and the Supreme Court's decision in *Gall v. United States*, 552 U.S. 38, 51 (2007). It is necessary based on "the nature and circumstances of the offense," "the history and characteristics of the defendant," the need to "to promote respect for the law," and the need for both specific and general deterrence. 18 U.S.C. § 3553(a). The government submits that it would also avoid unwanted sentencing disparities, and would accord with overall levels of culpability among the related defendants pending before this Court.

Kukta's criminal conduct here was serious, long lasting, and harmful. For 10 years, Kukta continuously stole from his employer, and resold the items at approximately half price to Saurabh Chawla, whom the Court recently sentenced to a total of 66 months' imprisonment. Kukta had to engage in extensive efforts to avoid detection during the ten years, and even when confronted by FedEx, Kukta continued to carry on with his criminal activity. To his credit, when federal agents confronted Kukta, Kukta essentially made a full confession. Nevertheless, Kukta's crimes were very serious, extensive in terms of duration, and harmful in terms of sheer monetary loss—more than $3.2 million of actual loss. And Kukta profited; he personally gained more than $1.8 million. Moreover, the $1.8 million essentially turned out to be tax free because of Kukta's tax evasion crimes. This caused more than $600,000 in actual tax loss to the government.

In the government's view, Kukta is the second most culpable person (after Saurabh Chawla) to appear before this Court in connection with the investigation. Kukta is responsible for the largest dollar value loss of the individuals who sold stolen goods to Saurabh Chawla. His

4

conduct spanned almost a decade. And there was no good reason for Kukta to even consider engaging in these crimes—he was a senior employee with FedEx, making a very respectable salary. His salary is especially noteworthy when one considers the low cost of living in Laurel, Delaware.

The government submits that a significant sentence of incarceration is necessary in light of the nature and circumstances of Kukta's crimes, his prior criminal history, the need for general deterrence, and the need to promote respect for the law.

Restitution & Forfeiture

In his plea agreement, Kukta agreed to a forfeiture of at least $1,880,000. The parties also have agreed that the Court should order forfeiture of $104,000 in traceable proceeds of the crime that were invested in Kukta's home and Ford Bronco. *See* ECF 12 at 6. In a separate filing, the government is submitting a preliminary order of forfeiture for the Court's consideration in connection with these agreed upon forfeitures.

In his plea agreement, the defendant stipulated to restitution of at least $3.25 million in connection with Count One and $660,439 in connection with Count Two. ECF 12 at 21. As with Saurabh Chawla's restitution calculation, the government has been unable to apportion the known loss amount in Count One among the many victims.[1] Accordingly, the government is asking the Court to impose the respective restitution figures shown on Government's Exhibit 1, for a total restitution amount of $1,101,743.91, consistent with the restitution ordered against Saurabh Chawla.

---

[1] The government's difficulties in attributing the known loss is due in large measure to Kukta's success over the years in secretly removing items in FedEx shipments, and the government submits this fact weighs in favor of the requested incarceration term under Section 3553.

## **CONCLUSION**

Accordingly, the government respectfully requests that this Court sentence Kukta to 54 months' incarceration, three years of supervised release, the forfeiture and restitution above, and a special assessment of $200.

                                              Respectfully submitted,

                                              Jonathan F. Lenzner
                                              Acting United States Attorney

By                            _____/s/_____
                                              Harry M. Gruber
                                              Paul Riley
                                              Assistant United States Attorneys

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing filing was served on counsel for the defendant by filing in the Court's electronic filing system and by email.

_____/s/_____
Harry M. Gruber
Assistant United States Attorney